UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, an employee benefit plan, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:08CV01131 ERW |
| POWER HAULING, INC., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Dismiss Without Prejudice [doc. #20].

## I. BACKGROUND

Plaintiffs, Local 682 Health and Welfare Trust Fund and the trustees of the Fund, Robert B. Vining, Jr., Patrick J. Wessels, Fred Kern, Gary Cossarini, LaNita Miller, and Brett Frigillana, (collectively, "Plaintiffs"), filed suit against Power Hauling, Inc. ("Defendant"), on August 1, 2008. In the Complaint, Plaintiffs allege that Defendant owes $38,093.38 to the Fund for delinquent contributions. The Complaint identifies two particular documents that purport to govern the relationship between Plaintiffs and Defendant: 1) the collective bargaining agreement, and 2) the Fund Agreement and Declaration of Trust. Defendant's Answer was filed on November 7, 2008, and this Court's Case Management Order set December 29, 2008 as the deadline for amending pleadings.

Sometime between December 29, 2008 and January 29, 2009, Plaintiffs located additional agreements that are relevant to and govern the relationship between Plaintiffs and Defendant.

Plaintiffs shared these documents with Defendant on January 29, 2009.  Apparently, Plaintiffs believe that including these additional agreements in their Complaint would better reflect the relationship between the Parties.  Plaintiffs requested Defendant's consent to amend the Complaint in light of the additional agreements, but Defendant refused.  Defendant argued that Plaintiffs knew or should have known of the additional agreements before the Case Management Order deadline.  In support of this argument, Defendant states that the additional agreements were in Plaintiffs' control when the Complaint was written, and throughout the period allowed for amendments to the Complaint.  The additional documents apparently only came to Plaintiffs' attention after Defendant's counsel raised certain issues about allegations in the Complaint with Plaintiffs' counsel.

In their Motion to Dismiss Without Prejudice, Plaintiffs request that the Court dismiss the current action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), so that a new suit can be filed that includes the additional agreements.  Defendant opposes the Motion, arguing that a dismissal would be prejudicial.  In the alternative, Defendant requests that the Court order Plaintiffs to pay costs and attorney's fees to the date of the Court's order.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) grants the Court the power to dismiss an action at the plaintiff's request on "terms that the court considers proper."  Dismissal is without prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(a)(2).  "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).  "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

There are four basic factors used by the Eighth Circuit to determine if voluntary dismissal should be granted. *Paulucci*, 826 F.2d at 783. These factors are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id.*[1] The Court also considers whether the dismissal would "result in a waste of judicial time and effort." *Hamm*, 187 F.3d at 950. In addition, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

## III. DISCUSSION

The first factor for consideration is the effort and expense involved in preparing for trial. Thus far, Defendant has engaged in a notable amount of preparation for this case. After the Court granted its Motion to Set Aside Default, Defendant filed its Answer to Plaintiffs' Complaint, and then provided a timely response to the pending Motion to Dismiss. Additionally, Defendant has submitted two sets of interrogatories and requests for documents to Plaintiffs, and obtained responses to the first set. Defendant has been developing its defenses to Plaintiffs' claims solely on the basis of the two agreements set forth in the initial Complaint. While it certainly cannot be said that this case is in the late stages of litigation, this Court believes that Defendant's efforts should not be minimized. While there is no documentation of the exact amount of time or resources invested by Defendant, the effort of Defendant is clear, considering that its trial

---

[1] Additional factors developed in other Circuits that the Eighth Circuit has acknowledged, but has rarely applied, include: "(1) emotional and psychological trauma associated with the experience of defending another lawsuit, (2) the prejudice resulting from uncertainty over title to land, and (3) the absence of a justification for the proposed dismissal." *Paulucci*, 826 F.2d at 783.

3

preparation was what brought the insufficiency of the Complaint to Plaintiffs' attention. Thus, the first factor weighs slightly in favor of denying Plaintiffs' Motion.

The second factor, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, also suggests that Plaintiffs' Motion should be denied. The Court initially notes that there have been no serious problems with Plaintiffs' progress on the prosecution of the case, as is common in other voluntary motion to dismiss cases in which delay is an important factor in determining that it is inappropriate to dismiss the case without prejudice. *See, e.g.*, *Calhoun v. Walmart*, 2007 WL 1289792, at *1 (E.D. Mo. May 1, 2007). What is damaging to Plaintiffs, however, is their lack of diligence in prosecuting the action. Plaintiffs were in possession of all relevant agreements, but nevertheless failed to carefully craft their Complaint to include these agreements. Their failure to thoroughly review and identify relevant documents before filing the Complaint certainly amounts to lack of diligence.

The Court must also consider the circuitous route that Plaintiffs opted to take in an attempt to correct their mistake. Plaintiffs' decision to move for voluntary dismissal, with the apparent intent to refile a substantially similar case, has the same effect as amending a complaint under Federal Rule of Civil Procedure 15. However, Plaintiffs did not request leave of the Court to amend their Complaint under Federal Rule of Civil Procedure 15(a)(2), which provides that the Court should freely grant leave to amend when justice so requires. Because the Court is instructed to consider whether a dismissal would "result in a waste of judicial time and effort." *Hamm*, 187 F.3d at 950, it is highly relevant that Plaintiffs elected to seek a voluntary dismissal of their case instead of seeking to amend their Complaint. If granted, their Motion will result in additional time and effort on the part of both the Parties and the Court, due to the lost time and

4

expenses associated with refiling a case.  Seeking to amend the Complaint, on the other hand, would not have resulted in similar effort and expenses.  The Court is entitled to use its discretion to determine what is the most efficient and fair approach to the case, in light of the other factors to be considered.  *See, e.g.*, *Koener v. Johnson & Johnson*, 2007 WL 3026903, at *1 (E.D. Mo. Oct 16, 2007) ("The Court has considered the *Paulucci* factors and finds that dismissal is the most expeditious and fair approach to the ultimate resolution of the ultimate resolution of substantive issues herein."); *Tikkanen v. Citibank (S.D.) N.A.*, 801 F. Supp. 270, 273-74 (D. Minn. 1992) (noting that a particular procedure "is the most efficient way to resolve these actions"); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (discussing discretion in general).  Thus, the Court concludes that this second factor weighs heavily in favor of denying Plaintiffs' Motion.[2]

The third factor is whether the movant provides a sufficient explanation of the need for dismissal.  In cases where the plaintiff is successful in bringing his or her voluntary motion to dismiss without prejudice, a more complete explanation is generally given.  *See, e.g.*, *Hamlin Group, L.L.C. v. Third Generation Invs., Inc.*, 2009 WL 1259369, at *3 (N.D. Iowa May 05, 2009) (offering explanation that "a temporary order in a pending divorce action between [the plaintiff's representatives] preventing them from funding the litigation on behalf of [the plaintiff]"); *New Century Health Quality Alliance, Inc. v. Humana Health Plan, Inc.*, 2005 WL 2739272, at *3 (W.D. Mo. Oct. 24, 2005) (offering explanation that "[r]ather than pursue its counterclaims in the present action, [the defendant] seeks to pursue its antitrust claims against

---

[2]In the event Plaintiffs seek to amend their Complaint, the Court may consider, on proof of Defendant, awarding counsel fees to Defendant.

5

[the plaintiffs] in the pending related actions"). In cases where dismissal is denied or the case is dismissed with prejudice, there is often no explanation given by the plaintiffs. *See, e.g.*, *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (noting that "the [plaintiffs] offer no explanation for the voluntary dismissal they seek"). In this case, Plaintiffs state that the need for a dismissal is the result of Defendant's failure to consent to an amendment of the Complaint. This is an insufficient explanation, given the other options available to Plaintiffs, and is tantamount to a failure to give an explanation at all. Thus, the Court finds that this factor weighs in favor of denying Plaintiffs' Motion.

Finally, there is no pending Motion for Summary Judgment, nor is there any evidence that Plaintiffs are dismissing to escape an adverse decision or to seek a more favorable forum.[3] The Court has considered the factors and finds that denial of the Motion is the most expeditious and fair approach to the ultimate resolution of the substantive issues.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal [doc. #20] is **DENIED.**

Dated this 5th Day of October, 2009.

　　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3]To the contrary, it appears likely that if this case were dismissed without prejudice, Plaintiffs would merely file a virtually identical lawsuit in the Eastern District of Missouri.